UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11631-RGS

TANYA LEE

v.

QUINCY HOUSING AUTHORITY ET AL.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS

January 30, 2017

STEARNS, D.J.

Plaintiff Tanya Lee, acting pro se, brought suit against three categories of defendant: 1) the U.S. Department of Housing and Urban Development (HUD); 2) the Quincy Housing Authority (QHA) and Carolyn Crossley (QHA's Director of Program Management); and 3) Highland House, a company which manages a housing development in Randolph, Massachusetts. Each defendant has filed a motion under Rule 12. For the following reasons, the court grants each defendant's motion and dismisses the case.

In addressing these motions, the court takes the facts alleged in Lee's Complaint as true, and also considers documents — including state court records and correspondence between Lee and the QHA — that may properly

be considered by the court at the motion to dismiss stage.[1] Lee is a beneficiary of rent assistance through the Section 8 Housing Choice Voucher Program (Section 8). Section 8 is a federal program overseen by HUD and administered locally by public housing authorities like the QHA. While living in an apartment managed by Highland House in Randolph, Lee paid a portion of the rent each month, while the QHA paid the remainder as a Section 8 tenant assistance payment.

In September of 2015, Highland House initiated a summary process action against Lee in state court, alleging that Lee had failed to pay fully her portion of the rent. The parties entered into an "Agreement for Judgment" on September 18, 2015. Under that agreement, Lee agreed to judgment in favor of Highland House for possession of the apartment and an award of unpaid rent in the amount of $4,447.50. Highland House Ex. 2. The agreement, however, also provided that execution would be stayed in exchange for Lee's making $500 monthly payments until satisfaction of the unpaid rent and prompt payment by Lee of her base rent for the succeeding six months. *Id*. The agreement included a clause releasing "any and all

---

[1] At the motion to dismiss stage, a court may consider documents which are of undisputed authenticity, central to the plaintiff's claims, official public records, or sufficiently referred to in the complaint. *See Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).

claims she/he has or may have had arising out of her/his occupancy of the premises from the commencement of her/his tenancy to the date of this Agreement." *Id.*

This compromise was short-lived. Highland House sought execution of the judgment in December of 2015, asserting that Lee had failed to comply with the terms of the agreement. The state court eventually issued an execution of judgment on January 28, 2016, for an amount totaling $5,773.81. Highland House Exs. 3, 4. Lee was evicted shortly thereafter.

After leaving Highland House, Lee received a letter from the QHA warning her that the QHA was considering terminating her Section 8 voucher because she had failed to provide QHA with a copy of her eviction notice and was in "serious or repeated violation" of her lease terms. *See* QHA Ex. D (citing 24 C.F.R. § 982.551(e), (g)). The letter also informed Lee of her right to a hearing and specified that the hearing would be before defendant Crossley. *Id.* Lee subsequently participated in a hearing before Crossley, after which Crossley invited Lee to submit additional information for consideration by the QHA in determining whether to terminate her Section 8 voucher. *See* QHA Ex. E.

Lee asserts that as a result of her eviction, she has been rendered homeless. Compl. ¶ 24. Lee also asserts that the defendants were

particularly callous in their treatment of her because they knew, or should have known, that she has a daughter who suffers from Lupus. Compl. ¶ 25. Read favorably, Lee's Complaint makes three claims against each of the defendants: 1) a due process claim relating to the termination of her housing benefits voucher and eviction; 2) a tort claim for emotional distress; and 3) unjust enrichment.

The defendants have each moved to dismiss. HUD relies on both Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure to state a claim). Highland House likewise moved under Rule 12(b)(6). The QHA and Crossley sought judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings, however, is available only "[a]fter the pleadings are closed," which includes the filing of an answer. No defendant, including the QHA and Crossley, has filed an answer, so Rule 12(c) does not apply. The QHA and Crossley motion will therefore be evaluated under Rule 12(b)(6). *See McGuigan v. Conte*, 629 F. Supp. 2d 76, 80 (D. Mass. 2009). Under Rule 12(b)(6), a complaint will be dismissed if it fails to set out sufficient factual allegations to a suggest a plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court turns first to HUD's motion. Lee's claims against HUD are barred by sovereign immunity. The Federal Tort Claims Act (FTCA) requires

4

that any tort claim against the United States be "presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Because Lee has not presented any claim against HUD, the FTCA's waiver of sovereign immunity does not apply. Moreover, the limited waiver of sovereign immunity in the Housing Act requires a predicate showing of a connection to HUD's functions under that law. 42 U.S.C. § 1404a. Lee's Complaint, however, does not identify a single act or omission by HUD. All of the actions identified in her Complaint are attributed to Highland House, the QHA, or Crossley. Lee argues that HUD had a duty to her as a third-party beneficiary to a contract, citing *Holbrook v. Pitt*, 643 F.2d 1261 (7th Cir. 1981). In *Holbrook*, however, HUD directly administered the Section 8 program at issue and had a contract with the landlord. *Id*. at 1266. Here the QHA, not HUD, was responsible for payment of the Section 8 support.

Lee's Complaint likewise fails to state a cause of action against the QHA. Lee asserts a due process claim based on the loss of her rent voucher, but the Complaint indicates that her voucher has not actually been terminated. Compl. ¶ 23; QHA Exs. D, E. Moreover, nothing is alleged to indicate that the QHA played any role in her eviction. Nor is there any basis for tort claims against the QHA. Similar to the FTCA, under the

5

Massachusetts Tort Claims Act (MTCA), tort claims must be presented to the agency-employer prior to their being filed in court. Mass. Gen. Laws ch. 258, § 4. Lee correctly points out that intentional torts are exempted from the coverage of the MTCA, *see id.* § 10(c), but that does not advance her cause against the QHA; there is no waiver of sovereign immunity for intentional torts. *See Barrows v. Wareham Fire Dist.*, 82 Mass. App. Ct. 623, 626 (2012) ("[A] public employer cannot be sued for the intentionally tortious conduct of its employee.").

The result varies only slightly for Crossley. Any claim for negligent infliction of emotional distress on her part is barred by the presentment requirement. The MTCA, however, does not shield individual public employees from liability for intentional torts. *See Nelson v. Salem State Coll.*, 446 Mass. 525, 537 (2006). This makes little difference, as Crossley is still protected by common-law immunity from suit. *See Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 146 (1st Cir. 2016). Under that immunity, she cannot be liable for an intentional tort if she "acted in good faith, without malice, and without corruption." *Nelson*, 446 Mass. at 537. Lee puts forth no facts to suggest that Crossley's actions fell short of this standard. The only action specifically attributed to Crossley in the Complaint is the assertion that Crossley demanded $434.58 before allowing Lee's

request for her file at the QHA. Compl. ¶ 29. That cost reflected the expense for copying the entire file, and Crossley informed Lee that she was permitted to inspect the file at the QHA's offices for free, or to request copies of specific pages at a per-page rate. QHA Ex. E. No plausible inference of bad faith or malice can be drawn from the enforcing of an agency's reasonable rules and regulations.

Lee has no viable due process claim against Highland House, a private actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Lee's unjust enrichment claim likewise fails for two reasons. Although she alleges that Highland House increased her rent without authorization, Compl. ¶¶ 15-16, she previously released all claims related to her tenancy as part of the Agreement for Judgment. *See* Highland House Ex. 2. She likewise offers no facts to support a claim in the period between the Agreement and when she vacated the Highland House unit. Second, although Lee suggests that the QHA and HUD continued to pay money to Highland House on her behalf after she left her apartment, Compl. ¶ 23, that does not establish that Highland House unjustly retained money belonging to Lee. *See Santagate v. Tower*, 64 Mass. App. Ct. 324, 329 (2005). Finally, although Lee now casts her allegations against Highland House as sounding in fraud and civil conspiracy, she alleges no facts that would support either claim. *See*

*generally Reisman v. KPMG Peat Marwick LLP*, 57 Mass. App. Ct. 100, 108-109 (2003); *Kurker v. Hill*, 44 Mass. App. Ct. 184, 188-189 (1998).

ORDER

For the foregoing reasons, Lee's claims against HUD are <u>DISMISSED</u> without prejudice pursuant to Rule 12(b)(1). Lee's claims against the QHA, Crossley, and Highland House are likewise <u>DISMISSED</u> pursuant to Rule 12(b)(6). With respect to the claims against the QHA, the dismissal shall operate without prejudice. The Clerk is directed to enter the dismissals and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE